# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) No. 04 CR 1113 |
| | ) |
| | ) |
| BRAD A. WEAVER, | ) |
| | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the motion by the United States of America ("Government") for revocation of the release order relating to Defendant Brad A. Weaver ("Weaver"). For the reasons stated below, we grant the motion and order Weaver's detention.

## BACKGROUND

On December 28, 2004, Weaver was released by a magistrate judge on a $250,000 bond secured in part by property that was owned by Weaver's father. As a condition of his release, Weaver agreed to commit no additional crimes. On May 25, 2006, Weaver pled guilty to the information in his case, which charged him with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. The matter was continued to

1

September 12, 2006, for sentencing.

The Government contends that Weaver has stolen $60,000 from his father's bank account while he was on supervised release and Weaver's father, who posted his property as security for Weaver's release, no longer wishes to have his property posted as collateral for Weaver's bond.

**DISCUSSION**

The Government seeks a revocation of Weaver's release order pursuant to 18 U.S.C. § 3145(a)(1), which states that "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court . . . the attorney for the Government may file . . . a motion for revocation of the order or amendment of the conditions of release . . . ." 18 U.S.C.A. § 3145 (a)(1). The Seventh Circuit has held that "[a]lthough § 3145(a)(1) speaks of 'review' by the district judge, the court may start from scratch . . . [and that a] district judge who elects to do this, however, must follow the same procedures that apply to the taking of evidence before the magistrate judge." *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).

On June 16, 2006, we conducted a detention hearing de novo. At the hearing, Weaver was represented by counsel and was afforded an opportunity to testify, to present witnesses, to cross-examine any witnesses, and to present information by

2

proffer or otherwise. Both the Government and counsel for Weaver elected to present information and evidence by proffer.

The Government argued that Weaver is a flight risk because while on supervised release, he violated the terms of his conditions of release by engaging in a criminal activity, to wit: misappropriating $60,000 from his father's bank account without his father's consent. The Government also stated that Weaver's father no longer wishes to have his property posted as collateral for Weaver's bond. The Government argued that Weaver's fraudulent activity while on supervised release and his father's refusal to secure his bond are factors warranting a revocation of Weaver's bond. Weaver admitted that he did in fact misappropriate $60,000 from a bank account belonging to his father, without his father's consent. Weaver, however, argued that he has cooperated with the Government all along, has waived a job and pled guilty to the information, has appeared for every court hearing, and is gainfully employed.

The Seventh Circuit has held that in assessing a defendant's risk of flight, a district court should apply the preponderance of the evidence standard. *See United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985)(indicating that the preponderance of the evidence standard applies for the flight risk analysis). In making this determination, we have considered the factors contained in 18 U.S.C. § 3142(g), which states that "[a] judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as

required[,] . . . take into account the available information concerning--

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

We have considered each of the factors contained in 18 U.S.C. § 3142(g). First, the nature of Weaver's offense is defrauding people and the weight of the evidence that could have been presented by the Government is

no longer an issue as Weaver already pled guilty to defrauding approximately 87 individuals of more than $20,000,000. Second, Weaver's actions show that after being released on bond, Weaver has the ability and potential to violate the terms of his release conditions. The fact that Weaver pled guilty to committing fraud and yet still engaged in fraudulent activity while on supervised release shows that Weaver has little respect for court orders. In addition, the fact that Weaver defrauded his own father, after his father helped secure Weaver's release, shows poor character on the part of Weaver. The fact that Weaver's own father now has indicated that he no longer wishes to secure Weaver's bond shows that a close family member no longer trusts Weaver enough to put his own property on the line for Weaver. Third, after being charged for fraud, pleading guilty to fraud, and again engaging in fraud while on supervised release, Weaver has shown a tendency to continue in his fraudulent activities, which poses an economic threat to other individuals.

Based upon the foregoing and the evidence presented during the detention hearing, we find that Weaver has violated the conditions of his release order, and we also find that the Government has met its burden of showing that Weaver poses a risk of flight if he is not detained.

## CONCLUSION

Based on the foregoing analysis, we grant the Government's motion for revocation of the release order and order Weaver's detention. Weaver is hereby ordered remanded to the custody of the U.S. Marshal until further order of the Court.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: June 16, 2006